UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JUDD LOUIS SHAPIRO a/k/a JUDD SHAPIRO, JEFFERY S. SHAPIRO, and JOANNE M. SHAPIRO, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 11-12218-JLT |
| AURORA LOAN SERVICES, LLC, | * * | |
| Defendant. | * | |

MEMORANDUM

March 18, 2013

TAURO, J.

I.   Introduction

On May 19, 2011, Defendant Aurora Loan Services, LLC ("Aurora") foreclosed on the home of Plaintiffs Judd, Jeffery, and Joanne Shapiro (collectively the "Shapiros"). Prior to the foreclosure, the Shapiros challenged Aurora's right to foreclose. They now renew that challenge. Before the court is Aurora's motion for summary judgment on the Shapiros' claim of wrongful foreclosure and its own counterclaim for judgment of possession. For the following reasons, Aurora's Motion for Summary Judgment [#11] is ALLOWED.

II.   Factual Background

In 2006, Judd Shapiro obtained the deed to 25 Mohawk Road, Andover, Massachusetts.[1] On July 14, 2006, he executed a note to Homecomings Financial Network, Inc. ("Homecomings")

---

[1] Aurora Aff. Ex. A [#14].

in the amount of $584,000 and a mortgage on the property to Mortgage Electronic Registration Systems, Inc. ("MERS").[2] MERS registered the mortgage in the Essex Registry District of the Land Court on July 21, 2006.[3]

Both the note and the mortgage subsequently changed hands.[4] MERS, as nominee for Homecomings, assigned the mortgage to Aurora on November 19, 2008.[5] Aurora registered this assignment on December 5, 2008.

Judd defaulted on his loan obligation in August 2008,[6] setting the foreclosure process in motion. Aurora initially scheduled a foreclosure sale for August 10, 2009, but Judd filed for Chapter 7 Bankruptcy on August 7, 2009. He received a discharge on January 5, 2010.[7]

Upon completion of the bankruptcy proceedings, Aurora rescheduled the foreclosure sale for May 5, 2011. For three consecutive weeks, it published the Notice of Mortgagee's Sale of Real Estate.[8] Aurora concurrently sent Judd a Notice of Intent to Foreclose Mortgage letter.[9]

On May 5th, Judd filed a complaint and motion for a temporary restraining order ("TRO") in Essex Superior Court, causing Aurora to postpone the sale by public proclamation until May

---

[2] Aurora Aff. Exs. B-C.

[3] Aurora Aff. ¶ 8.

[4] Aurora Aff. ¶¶ 9-12.

[5] Aurora Aff. Ex. D.

[6] Aurora Aff. ¶ 13.

[7] Longoria Aff. ¶¶ 6-7 [#15].

[8] Longoria Aff. Ex. 5.

[9] Longoria Aff. Ex. 6.

19, 2011.[10] Aurora then removed the action to this court, which denied the motion on May 16th,[11] allowing the foreclosure to proceed. Aurora purchased the property for $400,000.[12]

Aurora registered the foreclosure deed and affidavit on July 20, 2011.[13] It served notices to quit upon the Shapiros on September 14, 2011.[14] The Shapiros remain in possession.[15]

II.     Procedural Background

As previously noted, Judd filed an initial complaint and motion for a TRO against Aurora in Essex Superior Court on May 5, 2011, prior to the foreclosure sale. Aurora removed the suit to this court, which denied Judd's motion for a TRO. After the foreclosure sale, on July 15, 2011, Aurora moved to dismiss the complaint under Rule 12(b)(6). This court allowed Aurora's motion after considering the merits of Judd's arguments that Aurora lacked standing to foreclose.[16]

On November 17, 2011, the Shapiros initiated a new lawsuit in Essex Superior Court against Aurora for wrongful foreclosure, arguing that Aurora lacked standing to foreclose. Aurora again removed to this court, answered, and filed a counter-claim for judgment of possession. Aurora moved for summary judgment on March 23, 2012. The Shapiros, now represented by counsel, opposed the motion.

---

[10] Longoria Aff. Ex. 15.

[11] Longoria Aff. Ex. 10.

[12] Aurora Aff. Ex. E.

[13] Aurora Aff. ¶ 15 Exs. E-F.

[14] Longoria Aff. Ex. 16.

[15] Longoria Aff. ¶ 26.

[16] Longoria Aff. Ex. 13.

III.   Discussion

    A.   Legal Standard

To prevail on a motion for summary judgment, the moving party must show that "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law."[17] In deciding the motion, "a court is not authorized to make findings of fact."[18] The court must examine the record "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party."[19]

If the moving party does not have the burden of proof at trial, that party may demonstrate that the evidence is insufficient to support the nonmoving party's case.[20] The nonmovant must then proffer evidence of some genuine issue of material fact to forestall summary judgment.[21]

    B.   The Shapiros' Wrongful Foreclosure Claim

The Shapiros challenge Aurora's right to foreclose. They primarily attack the note transfers, but they also contest MERS's assignment of the mortgage to Aurora and use of "robo-signers" in executing assignments.

The Shapiros' current claims are barred by claim preclusion. Claim preclusion applies if: 1)

---

[17] Fed. R. Civ. P. 56(a); see Baltodano v. Merck, Sharp & Dohme (I.A.) Corp., 637 F.3d 38, 41 (1st Cir. 2011) (citing Collazo v. Nicholson, 535 F.3d 41, 44 (1st Cir. 2008)).

[18] Ross v. Framingham Sch. Comm., 44 F. Supp. 2d 104, 113 (D. Mass. 1999).

[19] De La Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000).

[20] Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) ("[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case.").

[21] Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991).

the earlier suit resulted in a final judgment on the merits; 2) both suits contain sufficiently identical causes of action; and 3) both suits involve sufficiently identical parties.[22] "Claim preclusion bars litigation even if the plaintiff is prepared to present different evidence or legal theories in the second case."[23]

Judd's initial suit satisfies all three requirements. It resulted in a final judgment on the merits.[24] Both cases involved the same parties. Both cases arose from the same series of transactions - the mortgage, the assignments, the foreclosure - and sought the same relief - a determination that Aurora lacked authority to foreclose.[25] This renders the causes of action sufficiently identical. Thus, the earlier proceeding bars the Shapiros' current suit.

To the extent any of the Shapiros' claims involve conduct allegedly occurring after the initial dismissal, they fail as a matter of law. First, because the foreclosure occurred before the Massachusetts Supreme Judicial Court's decision in Eaton v. Federal National Mortgage Association, Aurora did not need the note to foreclose.[26] Second, although the Shapiros have standing to challenge a void transfer of their mortgage, the First Circuit has recently decided that

---

[22] Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010); Korbin v. Bd. of Registration in Med., 832 N.E.2d 628, 634 (Mass. 2005).

[23] DaCruz-Crossely v. U.S. Bank Nat'l Ass'n, No. 12-10692-JLT, 2013 WL 781932, at *2 (D. Mass. Mar. 4, 2013).

[24] AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005) ("Ordinarily, a dismissal for failure to state a claim is treated as a dismissal on the merits, and there is abundant case law to this effect.").

[25] DaCruz-Crossely, 2013 WL 781932, at *2; see Airframe Sys., Inc., 601 F.3d at 15.

[26] Eaton v. Fed. Nat'l Mortg. Assoc., 969 N.E.2d 1118, 1133 (Mass. 2012); see McKenna v. Wells Fargo Bank, 693 F.3d 207, 215 (1st Cir. 2012).

the MERS system poses no difficulties under the very typical circumstances presented in this case.[27] Finally, because a mortgagee may postpone a properly noticed foreclosure sale by public proclamation,[28] the Shapiros have not elucidated any procedural irregularities occurring after the initial lawsuit. Aurora is therefore entitled to summary judgment.

      C.      Aurora's Counterclaim for Judgment of Possession

"In a summary process action for possession after foreclosure by sale, the plaintiff is required to make a prima facie showing that it obtained a deed to the property at issue and that the deed and affidavit of sale, showing compliance with statutory foreclosure requirements, were recorded."[29] Aurora has made this required showing. Because the court has already rejected the Shapiros' challenges to the validity of the foreclosure, Aurora is entitled to summary judgment.

IV.    Conclusion

      For the foregoing reasons, Aurora's Motion for Summary Judgment [#11] is ALLOWED.

AN ORDER HAS ISSUED.

                                  /s/ Joseph L. Tauro
                                  United States District Court

---

[27] Culhane v. Aurora Loan Servs., No. 12-1285, 2013 WL 563374, at *6-8 (1st Cir. Feb. 15, 2013).

[28] Fitzgerald v. First Nat'l Bank of Bos., 703 N.E.2d 1192, 1194 (Mass. App. Ct. 1999).

[29] Bank of N.Y. v. Bailey, 951 N.E.2d 331, 336 (Mass. 2011); see Fed. Nat'l Mortg. Ass'n v. Hendricks. 977 N.E.2d 552, 555-56, 559 (Mass. 2012).